# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN LESTER SALAZAR,

      Plaintiff,

v.                                      Civil No. 00-841 JP/WWD

DANIEL P. SEAGRAVE, PSY.D.,
JOHN DANTIS, JACK YARMOLA, and
DONALD MONTOYA, et al.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Reconsider Court's Memorandum Opinion and Judgment of July 30, 2001, and for leave to conduct discovery, filed August 16, 2001 **(Doc. 68)**.

The Federal Rules of Civil Procedure do not provide a mechanism pursuant to which a party may file a "motion to reconsider." United States v. Emmons, 107 F.3d 762, 764 (10th Cir.1997). However, a court's decision may be reconsidered to correct clear error or prevent manifest injustice. See Shields v. Shetler, 120 F.R.D. 123, 126 (D.Colo. 1988). In general, there are three grounds for granting a motion to reconsider: 1) if a manifest error of law or fact has been committed by the court; 2) if new evidence has been discovered; and 3) if there has been an intervening change in controlling law. Servants of the Paraclete, Inc. v. Great American Ins., 866 F.Supp. 1560, 1581 (D.N.M. 1994); see also Nat'l Union Fire Ins.Co. of Pittsburgh v. Midland Bancor, Inc., 869 F.Supp. 880, 883 (D.Kan.1994). None of these grounds apply; thus Plaintiff's motion to reconsider will be denied.

Because this is a civil rights case brought by a plaintiff who is incarcerated, it is excluded from the usual pretrial case management procedures. D.N.M.LR-Civ.16.3. Pursuant to Court Order, Defendants have filed a Martinez report, and Plaintiff has the opportunity to respond. Upon review of that report and response, the Court will decide whether summary judgment is appropriate or whether discovery will be allowed.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider Court's Memorandum Opinion and Judgment of July 30, 2001, and for leave to conduct discovery **(Doc. 68)** is hereby DENIED.

_____
UNITED STATES MAGISTRATE JUDGE