# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN LESTER SALAZAR,

    Plaintiff,

v.                                                                                Civil No. 00-841 JP/WWD

DANIEL P. SEAGRAVE, et al.,

    Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant Seagrave's Motion to [sic] for Summary Judgment on the Issue of Quasi-Judicial Immunity ("Motion"), filed March 25, 2002 **[Doc. 76]**. Having reviewed the submissions of the parties and the relevant authorities, the Court finds that Defendant's Motion is not well taken and recommends that it be denied.

*Factual Background*

Plaintiff claims that while he was confined at the Las Vegas Medical Center ("LVMC") Forensic Unit for evaluation, Defendant Seagrave, a psychologist, violated Plaintiff's Eighth Amendment right to be free from excessive force.[1] Specifically, Plaintiff alleges that on September 1, 1998, Dr. Seagrave and several other staff members beat Plaintiff with their fists and violently carried him into a Secure Treatment Unit ("STU"). Defendant claims that Plaintiff's conduct posed a threat to himself and others, and that Dr. Seagrave acted appropriately when he ordered Plaintiff's placement in the STU. The relevant facts are set forth in greater detail in the

---

[1] Plaintiff's claim that Defendant Seagrave unconstitutionally restricted his visitation rights has been dismissed. See Memorandum Opinion and Order, filed Mar. 8, 2002 **[Doc. 72]**.

Court's Memorandum Opinion and Order, filed March 8, 2002 **[Doc. 72]** and need not be repeated here.

*Discussion*

Defendant Seagrave contends that Plaintiff's claims against him should be dismissed because his conduct is shielded by quasi-judicial immunity. The principle of quasi-judicial immunity provides that "official[s] charged with the duty of executing a facially valid court order enjoy[] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." Turney v. O'Toole, 898 F.2d 1470, 1472 (10th Cir. 1990) (citations omitted) (emphasis added). This immunity "applies with full force to a judicial order that a person be detained for mental evaluation." Id. (citations omitted).

Here, Defendant Seagrave argues that because "all of his actions with respect to Plaintiff were taken pursuant to a court order," he is entitled to quasi-judicial immunity. Def.'s Mot. at 5. However, as the Tenth Circuit pointed out, quasi-judicial immunity "extend[s] only to acts prescribed by [the court] order." Turney, 898 F.2d at 1474 (emphasis added). In this case, the court order issued by the Honorable Richard Knowles of the Second Judicial District Court committed Plaintiff to the Forensic Division of the LVMC, and required that Plaintiff be evaluated for the following: (1) competency to stand trial or enter a plea, and (2) clinical recommendations for future treatment. See Order, Ex. A to Def.'s Mot.

Judge Knowles did not commit the Plaintiff to LVMC for treatment, rehabilitation or placement in any specific unit other than the Forensic Division. See, e.g., Turney, 898 F.2d at 1474 (denying quasi-judicial immunity for liability arising from the plaintiff's placement in the maximum security ward of a mental health facility, where the court failed to dictate any specific

placement or treatment within that facility).  Moreover, the court order certainly did not authorize Dr. Seagrave to beat the Plaintiff with his fists.  Here, Plaintiff alleges that Defendant Seagrave violated his Eighth Amendment rights through conduct that was not prescribed in the court order that committed Plaintiff to the LVMC.  Accordingly, Defendant Seagrave is not entitled to quasi-judicial immunity with respect to Plaintiff's claim against him, and the Court should deny Defendant Seagrave's motion for summary judgment on that basis.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE