IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN LESTER SALAZAR,

        Plaintiff,

vs.                                             No.  CV 00-841 JP/WDS

DANIEL P. SEAGRAVE, BELL,
IVERSON, STEVE RODRIGUEZ,
VINCE MARQUEZ and RICK McGAHIE,

        Defendants.

## MEMORANDUM OPINION AND ORDER

There are several pending motions:  (1) on April 5, 2004 Plaintiff filed a "Motion to Object to the Exhibit of Dr. Joel A. Dvoskin an Independent Evaluation by Defendants" (Doc. No. 279); (2) on April 8, 2004 Plaintiff filed a "Motion to Disqualify Dr. Dvoskin's Illegal Evaluation and to Bar it or Strike it as Evidence" (Doc. No. 291); (3) on April 9, 2004 Plaintiff filed a "Motion to Allow Plaintiff's Exhibits as Evidence at Trial" (Doc. No. 296); and (4) on June 2, 2004 Plaintiff filed an "Objection to Consolidated Pre-Trial Order" (Doc. No 335).  The Court has carefully reviewed the pleadings, the arguments of counsel and of plaintiff *pro se*, the exhibits of record, and the relevant case law, and makes the following rulings in accordance with its review.

*1. Plaintiff's Motion to Object to the Exhibit of Dr. Joel A. Dvoskin an Independent Evaluation by Defendants.*  On January 7, 2004 Dr. Joel A. Dvoskin, an expert retained by the Las Vegas Medical Center ("LVMC") Defendants (Defendants Seagrave, McGahie, Rodriguez, and Marquez), performed an independent psychological evaluation ("IPE") of Plaintiff.  During his examination of the Plaintiff, Dr. Dvoskin made handwritten notes.  Defendants did not produce the notes when they sent a copy of Dr. Dvoskin's report to Plaintiff.  On March 3, 2004 Plaintiff filed a Request for Discovery (Doc. No. 233) in which he requested that Defendants produce, among

other things, Dr. Dvoskin's notes from his examination of Plaintiff. On March 18, 2004 Plaintiff filed a "Motion of Contempt Against Dr. Joel A. Dvoskin, Counsel Sean Olivas, and Victor E. Valdez" (Doc. No. 249) for failure by Defendants to produce Dr. Dvoskin's notes. That motion was denied as moot by the Magistrate Judge on August 28, 2004 (Doc. No. 313) because the LVMC Defendants had produced the notes along with their March 30, 2004 Response, and Plaintiff had conditionally withdrawn the motion in his April 8, 2004 Reply (Doc. No. 292). In the present motion, Plaintiff seeks to exclude Dr. Dvoskin's evaluation as evidence as a discovery sanction.

Plaintiff filed this motion a few days before he withdrew his Motion of Contempt. There is no longer any dispute about Dr. Dvoskin's notes because they have been produced. This motion will be denied as moot.

*2. Plaintiff's Motion to Disqualify Dr. Dvoskin's Illegal Evaluation and to Bar it or Strike it as Evidence.* Plaintiff seeks to disqualify the testimony of Dr. Dvoskin because he performed the IPE of Plaintiff without complying with New Mexico state law and regulations. Dr. Dvoskin is licensed as a psychologist in Arizona, but he is not licensed in New Mexico. The regulations promulgated under the New Mexico Professional Psychologist Act, N.M. Stat. Ann. §§ 61-9-1 *et seq.* ("the Act") require that in order to perform an IPE in New Mexico, a psychologist not licensed in New Mexico must engage in an administrative procedure outlined in the regulations before performing a court-ordered independent examination, N.M. Admin. Code, Title 16, Ch. 22, Part 3, subsections 16.22.3.8(G)(1) to (6). Among other things, the regulations require a licensed or certified psychologist from another state to file with the Board of Psychologist Examiners a written request for permission to conduct a court-ordered independent examination "at least thirty (30)

days in advance of providing any professional psychological services in New Mexico." Id. at (G)(2). The out-of-state psychologist must, among other requirements, pay a $150 fee and identify a sponsor who is a New Mexico licensed psychologist in good standing. Id. The sponsoring psychologist has duties outlined in subsection 16.22.3.8(G)(6).

It is undisputed that Dr. Dvoskin did not comply with these regulations.[1] The LVMC Defendants who retained Dr. Dvoskin argue that his testimony is admissible despite his noncompliance with state law. They indicate that Dr. Dvoskin is currently applying for licensure before the New Mexico Board, but they concede that such a license would not necessarily have a retroactive effect.

Courts have held that the lack of a state-mandated license is not a barrier to admission of an expert's testimony; the fact that an expert does not have a degree or license in his or her professed specialty goes to the weight of his or her testimony rather than its admissibility. Hayes v. United States, 367 F.2d 216, 222 (10th Cir. 1966); United States v. Bilson, 648 F.2d 1238, 1239 (9th Cir. 1981); Plywood Property Assocs. v. National Flood Ins. Program, 928 F. Supp. 500, 508 (D.N.J. 1996); Dickerson v. Cushman, Inc., 909 F. Supp. 1467, 1472 (M.D. Ala. 1995). In Hayes v. United States, 367 F.2d 216 (10th Cir. 1966), the Tenth Circuit rejected a challenge to a prosecution expert who testified about an autopsy he performed on the body of the murder victim. The court commented that "medical experts may be permitted to testify in matters concerning which they are qualified even though they may not be licensed to practice medicine in the jurisdiction involved." Id. at 222. The question for the trial court is whether the expert was well

---

[1] Plaintiff indicates in his supplemental brief, Doc. No. 332, that he has filed a complaint against Dr. Dvoskin with the New Mexico Board of Psychologist Examiners for violating the regulations. Additionally, the regulations provide that if an out-of-state psychologist violates the Act or Board regulations, "the Board shall file an official complaint in any jurisdiction in which the psychologist is licensed or certified alleging that the psychologist has willfully or negligently violated the New Mexico Professional Psychologist Act." Id. at (G)(5).

3

qualified, rather than whether or not the expert was licensed in the state. Id.

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the seminal United States Supreme Court case interpreting Rule 702 of the Federal Rules of Evidence, contains no admissibility requirement that an expert be licensed under the law of the state. Post-Daubert cases have held that Rule 702 does not require licensure under state law in order for an expert opinion to be admissible. *See* Dickerson v. Cushman, Inc., 909 F.Supp. 1467 (M.D.Ala. 1995) (lack of degree or license in professed area of expertise goes to weight of expert's testimony, not its admissibility); Plywood Property Assocs. v. National Flood Ins. Program, 928 F. Supp. 500, 508 (D.N.J. 1996) ("Prior qualification as an expert witness, specialized degrees, licenses or publications in their field, while all commendable, are not required to be possessed by every witness acting as an expert."); Malbrough v. State Farm Fire & Cas. Co., 1996 WL 565819, *2 (E.D.La. 1996) ("State licensing requirements do not automatically bar testimony by an expert witness in federal court -- the expertise of the witness is measured by knowledge, skill, experience, training or education."). *See also,* Doe v. Cutter Biological, Inc., 971 F.2d 375, 385 n.11 (9th Cir. 1992) ("Licensure in the discipline or speciality which is the subject of expert opinion is not a requirement under the Federal Rules of Evidence."); Geophysical Sys. Corp. v. Seismograph Serv. Corp., 738 F.Supp. 348, 350 (C.D.Cal. 1990) (out-of-state expert who has not complied with state licensure rules not necessarily unqualified to testify in court); Paradise Prairie Land Co. v. United States, 212 F.2d 170, 173 (5th Cir. 1954) ("The inquiry by the trial judge as to the qualifications of such a witness should be whether or not the witness possesses the special knowledge and experience to qualify him as an expert, not whether or not he has complied with the state's licensing requirements to practice that profession.").

Numerous state court cases have ruled that the testimony of psychologists who were not

4

licensed in the state in which they were testifying was admissible. *See, e.g.,* People v. Burns, ___ N.E.2d ___, 2004 WL 804182, *11-13 (Ill. April 15, 2004); In re: C.W.D., 501 S.E.2d 232, 239 (Ga. App. 1998) (possession of state license goes to weight and credibility, not admissibility); Kluck v. Kluck, 561 N.W.2d 263, 266 (N.D. 1997) (state evidence rule 702 does not require licensure to qualify as expert); Fowler v. City of Manassas Dep't. of Social Servs., 1995 WL 16575, *3 (Va. App. January 17, 1995) (unpublished opinion) (otherwise qualified psychologist need not be licensed to practice in state); State v. Walker, 649 P.2d 624, 625 (Or. App. 1982) (psychologist's lack of state license went, at most, to weight of testimony, not to admissibility).  In Wood v. State of Alabama, ___ So.2d ___, 2003 WL 1949784 (Ala. Crim. App. 2003), the trial court excluded the testimony of an out-of-state psychologist who had performed an IPE on a defendant in a criminal case without complying with the state's licensure procedures.  State law made it a misdemeanor to practice psychology without a license.  In reversing the exclusion of the psychologist's testimony, the appellate court held that the psychologist's failure to comply with state licensure requirements and her possible commission of a misdemeanor did not, by themselves, operate to disqualify her from testifying as an expert witness. Id. at *8.

Dr. Dvoskin's failure to comply with New Mexico's regulatory requirements for out-of-state psychologists to perform IPEs does not mandate the exclusion of Dr. Dvoskin's expert testimony.  The admissibility of his testimony will be determined at trial under the Federal Rules of Evidence and Daubert.  Plaintiff's Motion to Disqualify Dr. Dvoskin's Illegal Evaluation and to Bar it or Strike it as Evidence will be denied.

*3. Plaintiff's Motion to Allow Plaintiff's Exhibits as Evidence at Trial.*  Plaintiff requests that his listed exhibits (Doc. No. 297) be allowed as evidence in the trial.  His exhibit list consists of an "index" with numerous unnumbered exhibits, comprising 299 pages.  Defendants filed consolidated objections (Doc. No. 299) to many of Plaintiff's listed exhibits.  In their consolidated

response to this motion, Defendants contend that Plaintiff's motion appears to be an attempt to identify additional trial exhibits that are untimely.

The Court will take up the matter of the admissibility of all exhibits at the Pre-Trial Conference. The parties are directed to bring to the PTC the original or copies of all their proposed exhibits to which there are objections, and to be prepared to argue their admissibility. Plaintiff's Motion to Allow Plaintiff's Exhibits as Evidence at Trial will be denied as premature.

*4. Plaintiff's Objection to Consolidated Pre-Trial Order.* Plaintiff objects to the proposed Pre-Trial Order submitted to the Court by Defendants because it omits a few paragraphs that Plaintiff submitted in his version of the proposed Pre-Trial Order to Defendants. Defendants have not responded to Plaintiff's objections; the time for responding has not yet run. Nevertheless, without ruling on Plaintiff's Objection, the Court directs Defendants to submit a revised proposed Pre-Trial Order if, indeed, the one submitted to the Court does not contain all of Plaintiff's contentions. That should render moot Plaintiff's objections.

THEREFORE IT IS ORDERED:

1. Plaintiff's "Motion to Object to the Exhibit of Dr. Joel A. Dvoskin an Independent Evaluation by Defendants" (Doc. No. 279) is denied as moot;

2. Plaintiff's "Motion to Disqualify Dr. Dvoskin's Illegal Evaluation and to Bar it or Strike it as Evidence" (Doc. No. 291) is denied;

3. Plaintiff's "Motion to Allow Plaintiff's Exhibits as Evidence at Trial" (Doc. No. 296) is denied as premature; and

4. Plaintiff's "Objection to Consolidated Pre-Trial Order" (Doc. No 335) is taken under advisement.

_____
SENIOR UNITED STATES DISTRICT JUDGE