**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOHN LESTER SALAZAR,

        Plaintiff,

vs.                                                     No. CV 00-841 JP/WDS

DANIEL P. SEAGRAVE, et al.,

        Defendants.

**DEFENDANTS IVERSON'S AND BELL'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING PLAINTIFF'S
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
UNDER THE PRISON LITIGATION REFORM ACT**

COME NOW Defendants David Iverson and Will Bell, by counsel, Yenson, Lynn, Allen & Wosick, P.C., and provide the Court with the following Findings of Fact and Conclusions of Law regarding Plaintiff's failure to exhaust available administrative remedies prior to filing the present lawsuit.

According to the Court's October 27, 2004, Memorandum Opinion and Order, the only claims remaining against Defendants Iverson and Bell are Fourteenth Amendment excessive force claims arising out of incidents which occurred at the Bernalillo County Detention Center ("BCDC") on October 28 and 29, 1998.  The Court has bifurcated this trial, ordering the parties to limit the presentation of evidence during the first two days of trial to the question of whether Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a).  Because the evidence presented at trial demonstrates Plaintiff failed to exhaust his administrative remedies as to the October 28 and 29 incidents, the PLRA requires dismissal of Plaintiff's claims against Defendants Iverson and Bell.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### General Overview

1.    Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

2.    As stated in this Court's October 27, 2004, Memorandum Opinion and Order:

> The purpose of requiring a prisoner to seek administrative review by correction officials before filing a civil lawsuit is "to reduce the quantity and improve the quality of prisoner suits." Porter v. Nussle, 534 U.S. 516, 524 (2002). It allows prison officials the opportunity to take corrective action that may satisfy inmates and reduce the need for litigation, filters out frivolous claims, and creates an administrative record to clarify the contours of claims and facilitate subsequent judicial review. Porter, 534 U.S. at 524-25; Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004); Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003).

3.    Thus, a prisoner is required to complete the administrative process regardless of whether he is suing for injunctive relief or money damages. Booth v. Churner, 532 U.S. 731, 734 (2001). The exhaustion requirement is mandatory. Id. at 741; Yousef v. Reno, 254 F.3d 1214, 1221 (10th Cir. 2001). It applies whether a prisoner alleges excessive force or some other wrong. Porter, 534 U.S. at 532.

### Plaintiff Has Failed to Meet His Burden of Demonstrating Exhaustion

4.    Although the Tenth Circuit has determined that Section 1997e(a) is not jurisdictional, the burden of demonstrating the exhaustion of administrative remedies rests with the prisoner, not with the correctional facility. Steele, 355 F.3d at 1210. If the prisoner fails to satisfy his burden, his lawsuit is subject to dismissal. Id. at 1211-12.

5.     The evidence presented at trial demonstrates that at all times relevant, BCDC had in place a written grievance procedure.  That grievance procedure provided BCDC inmates, including Plaintiff, with the ability to file a written grievance regarding the conditions of their confinement or regarding incidents of alleged improper conduct by correctional officers.   The BCDC grievance procedure set forth a process for consideration, adjudication, and where warranted, redress of prisoner grievances.

6.     Plaintiff has failed to meet his burden to prove he has exhausted his administrative remedies.  Simply put, Plaintiff has failed to prove he filed any grievance using the BCDC grievance procedure regarding the October 28 and 29 incidents.  Despite his claim that he filed grievances regarding the October 28 and 29 incidents, Plaintiff has failed to produce copies of these supposed grievances.  Moreover, Plaintiff has previously admitted that he does not remember whether he actually filed these grievances.  Given the evidence presented at trial, Plaintiff's claim that he gave grievances to a correctional officer to file are not believable and are not sufficient to meet Plaintiff's burden.

**There is No Futility Exception to the Exhaustion Requirement**

7.     Plaintiff has argued that pursuing a grievance through BCDC grievance procedure would have been futile, because Plaintiff believes BCDC officials would have done nothing about his complaints.  However, there are no exceptions to the exhaustion requirement.  <u>Booth</u>, 532 U.S. at 741 n.6.  The apparent futility of administrative remedies does not obviate the need to exhaust them.  <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) ("Congress ha[s] eliminated both discretion to dispense with administrative exhaustion and the condition that it be plain, speedy, and effective.").  So

long as prison officials did nothing to prevent the inmate from using the grievance procedure, he is obligated to exhaust it. Yousef, 254 F.3d at 1221.

8.      Although Plaintiff argues he was prevented from utilizing the BCDC grievance procedure because he was held in administrative segregation and because he was highly medicated, the evidence presented at trial does not support Plaintiff's assertion. The evidence demonstrates that Plaintiff had access to the grievance process and that BCDC officials did not prevent Plaintiff from filing a grievance.

### The Doctrine of Substantial Compliance Does Not Apply

9.      Plaintiff has argued that he and various family members complained orally to BCDC officials regarding the conditions of Plaintiff's confinement. Plaintiff has also argued that family members wrote letters to BCDC officials and to others making similar complaints. In essence, Plaintiff argues that these efforts satisfied his obligation to utilize and exhaust BCDC's grievance procedure. However, the doctrine of substantial compliance does not apply to a prisoner's contention that he exhausted his administrative remedies. Jernigan, 204 F.3d at 1032; Lewis v. Washington, 300 F.3d 829, 833-34 (7th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Prisoners are expected to *properly* complete the grievance process and to correct any deficiencies which may be brought to their attention. Jernigan, 204 F.3d at 1032. Furthermore, a prisoner cannot satisfy his obligations under Section 1997e(a) by providing notice of his claims to the defendant by means other than the official grievance process. Jernigan, 204 F.3d at 1032; Thomas v. Woolum, 337 F.3d 720, 734 (6th Cir. 2003) (not sufficient to give prison officials notice of complaint by participating in investigation); Jackson v. Klevenhagen, 2002 WL 31730233 at * 1 (5th Cir. Nov. 20, 2002) (unpublished)

(prisoner's claims that he complained directly to prison officials both orally and in writing insufficient to satisfy Section 1997e(a)).  Plaintiff's claim that he substantially complied with the BCDC grievance procedure fail to save his claims.

<u>**Conclusion**</u>

10.      The evidence adduced at trial demonstrates Plaintiff failed to exhaust his administrative remedies prior to filing suit against Defendants Iverson and Bell. Accordingly, Plaintiff's claims against these Defendants fail and must be dismissed pursuant to Section 1997e(a) of the PLRA.

Respectfully submitted,

YENSON, LYNN, ALLEN & WOSICK, P.C.

_____
Patrick D. Allen
April D. White
Attorneys for Iverson and Bell
4908 Alameda Blvd NE
Albuquerque, NM  87113
(505) 266-3995

I hereby certify that a true copy of
the foregoing pleading was hand-delivered to:

John Salazar, *pro se*
1600 Escalante SW
Albuquerque, NM  87104

Sean Olivas
Melanie Frassanito
Attorney for Las Vegas Medical Center Defendants
P. O. Drawer AA
Albuquerque, New Mexico  87103

on this _____ day of January, 2005.

_____
Patrick D. Allen