IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOHN LESTER SALAZAR,

        Plaintiff,

vs.                              No. CV 00-841 JP/WDS

DANIEL P. SEAGRAVE, et al.,

        Defendants.

**DEFENDANTS IVERSON'S AND BELL'S FINDINGS OF FACT AND
CONCLUSIONS OF LAW REGARDING THE MERITS OF
PLAINTIFF'S EXCESSIVE FORCE CLAIMS**

      COME NOW Defendants David Iverson and Will Bell, by counsel, Yenson, Lynn, Allen & Wosick, P.C., and provide the Court with the following Findings of Fact and Conclusions of Law regarding the merits of Plaintiff's excessive force claims.

      According to the Court's October 27, 2004, Memorandum Opinion and Order, the only claims remaining against Defendants Iverson and Bell are the following Fourteenth Amendment claims:

- As to Defendant Iverson, claims of excessive force arising out of the incidents of October 28 and 29, 1998.

- As to Defendant Bell, a single claim of excessive force arising out of the incident of October 29, 1998.

The Court has previously dismissed all other claims against Defendants Iverson and Bell, and clarified that Plaintiff has no other claims arising out of his incarceration at the Bernalillo County Detention Center ("BCDC").

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1.	At the time of the incidents of October 28 and 29, 1998, Plaintiff was a pretrial detainee incarcerated at BCDC.  Plaintiff claims that on October 28, Defendant Iverson used excessive force in restraining him.  Plaintiff also claims that on October 29, Defendants Iverson and Bell used excessive force in restraining him.

2.	Because Plaintiff was a pretrial detainee at the time of the incidents, the due process clause of the Fourteenth Amendment applies to Plaintiff's claims of excessive force.  Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1998).  Even though pretrial detainees are not protected by the Eighth Amendment, they retain at least the same constitutional rights as those enjoyed by convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 545 (1979).  The dispositive question is whether the challenged conduct constitutes punishment or is reasonably related to a legitimate governmental objective.  Block v. Rutherford, 468 U.S 576, 583-84 (1984).  In order for a plaintiff to succeed on an excessive force claim, he must show the deprivation is sufficiently serious and the prison official in question acted with deliberate indifference to his health and safety.  Penrod v. Zavaras, 94 F.3d 1399, 1405-06 (10th Cir. 1996).

3.	In the present case, the evidence does not show that the conduct of Defendants Iverson and Bell constituted punishment.  Rather, the evidence demonstrates that the restraint of Plaintiff on October 28 and 29 was reasonably related to a legitimate governmental objective – namely, to maintain order at BCDC and to prevent Plaintiff from harming himself or others.

4. Furthermore, Plaintiff has not shown that Defendant Iverson's or Defendant Bell's conduct was sufficiently serious, or that either Defendant acted with deliberate indifference to his health and safety.

5. For these reasons, Plaintiff's Fourteenth Amendment excessive force claims against Defendants Iverson and Bell fail, and Defendants Iverson and Bell are entitled to judgment in their favor.

        Respectfully submitted,

        YENSON, LYNN, ALLEN & WOSICK, P.C.

        _____
        Patrick D. Allen
        April D. White
        Attorneys for Iverson and Bell
        4908 Alameda Blvd NE
        Albuquerque, NM 87113
        (505) 266-3995

I hereby certify that a true copy of
the foregoing pleading was hand-delivered to:

John Salazar, *pro se*
1600 Escalante SW
Albuquerque, NM 87104

Sean Olivas
Melanie Frassanito
Attorney for Las Vegas Medical Center Defendants
P. O. Drawer AA
Albuquerque, New Mexico 87103

on this ____ day of January, 2005.

_____
Patrick D. Allen